IN THE UNITED STATES DITRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

V.                                          Criminal No.  15-21-01

WILLIAM O'BRIEN

RESPONSE TO:                    **RECEIVED**

GOVERNMENT'S MOTION FOR APPOINTMENT OF COUNSEL,
AND HEARING REGARDING DEFENDANT"S REQUESTING FOR   2 6 2015
PRO SE REPRESENTATION

The Defendant has a right to proceed Pro Se.  See Marshall v. Rodgers (2013, US) 185 L Ed 2d 540, 133 S Ct 1446, in which Supreme Court indicated that for purposes of Federal Constitution's Sixth Amendment, accused has right to proceed without counsel when accused voluntarily and intelligently elects to do so.

The Right of an accused to self-representation in a federal trial has long been guaranteed by a provision of the Judiciary Act of 1789 (currently codified at 28&1654.)

The essence of Farretta, see Faretta v. California (1975) 422 U.S. 806, 45 L Ed 2d 562, 95 S Ct 2525, is that a defendant has a protectable right of autnaomy.  As it is the defendant, not the lawyer, who will suffer the consequences of a conviction, it is the accused personal right to decide whether counsel is a benefit or a detriment.  As Justice Stewart explained, "whatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free choice."  Even if the defendant's freely willed decision is "ultimately to his own detriment, [the] choice must be honored out of that respect for the individual which is the lifeblood of the law."  Justice Stewart goes on to say that "personal liberties are not rooted in the law of averages."  As he pointed out, "it is

not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense."

The interest of the Government in a criminal prosecution is not that it shall win a case, but that justice be done.

Justice Scalia wrote in defense of Faretta, "I have no doubt that the Framers of our Constitution... would not have found acceptable the compulsory assignment of counsel by the Government to plead criminal defendant's case." The person who is supposed to protect the accused is the employee of the accuser.

On October 8, 2015 Defendant unequivacally elected to represent himself. In Faretta, the Supreme Court held that in a criminal prosecution the defendant has a constitutional right to proceed without the counsel guaranteed by the Sixth Amendment when the defendant unequivically elects to do so and when the election is voluntary, knowing, and intelligent.  422 US at 835-36 As is prior cases, see Carnley v. Cochran, 369 US. 506 513-16, 825 Ct. 884, 8 L. Ed. 2d 70 (1961)

Thus a defendant who chooses to represent himself must be allowed to make that choice, even if it works ultimately to his own detriment.

To invoke his Sixth Amendment right under Faretta a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request.  Insofar as the desire to proceed pro se  is concerned. petitioner must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made.

A defendant's technical legal knowledge, as such, is not relevant to an assesment of his knowing exercise of the right to defend himself.

2

The Government in it's adnauseum, has implied that Defendant is unable to represent himself, but has taken it's time in providing the needed information (discovery) to mount an effective defense for an interum jurist.

The defendant is currently detained in the Federal Detention Center - Philadelphia.    Attention to footnote 1, on bottom of page 1, of the government's motion.

"On February 2, 2015, the defendant's medical license was suspended by the Commonwealth of Pennsylvania, on the grounds that his continued practice within the Commonwealth may be an immediate and clear danger to the public. He is barred from the practice of medicine."

Government's agent, Joshua Gill, a member of the Health Care Fraud Task Force, contacted the Commonwealth on January 29, 2015.    The Medical Board immediately temporarily suspended O'Brien's license. Yet, at the February 3rd bail hearing, the prosecutor proffered that if released "O'Brien would write narcotics".  This omission of relevant facts clearly belies the government's bent on spurious and callous acts. Then to have the malicious and malevolent desire to place this information in this motion is outlandish.    O'Brien's second bail hearing was before this court on February 26th, where once again No Mention of O'Brien's suspension and inability to practice medicaine was made.  O'Brien cannot write prescriptions.  There is no reason to detain him.

There NEVER was reason to detain O'Brien, who is accused of writing improper narcotic prescriptions.   O'Brien has plead innocent to all charges and continues to espouse his innocense.   There was never a "danger" to the community.    Defendant's FALSE IMPRISONMENT was directly attributed to Government's omission of known suspesnion of defendant's license, which would have led to O'Brien's release ROR.

Leahy, in her bent to sabotage O'Brien's bail, proffered that O'Brien

wrote "over 9,000 prescriptions and over 1 million pills of narcotics". She omitted the other finding of the SAME D.E.A. report, March 18, 2015, that stated O'Brien had "No Violations". The DEA specifically notes the 9,000 prescriptions and 1 million pills, and found everything in order.

Defenant has no issue with a colloquy being scheduled, but respectfully asks the court to schedule a bail hearing at the same court appearance, as soon as possible.

Defendant, on October 8, 2015, exercised his Sixth Amendment right to represent himself AND a "Speedy and Public Trail".

Lastly, Defendant strongly urges this court to both reprimand and sanction Beth Leahy A.U.S.A. for her request of "not being required to respond to any motion or pleading filed by defendant." On October 8th, Leahy refused O'Brien's oral discovery request and oral request for a bail hearing. This was in open court. "A motion must be filed" she stated to this court. Those motions have been filed, and now the government, through Leahy, wants to not respond. On the 8th of October Leahy wanted motions filed. One day later, Leahy asks this court that she not respond to said motions.

Defendant respectfully submits to this court to review my Motions for Dismissal; to Dismiss this case with prejudice and to take all actions necessary to avoid any further reprisals by Joshua Gill, Beth Leahy, and the United States Government.

Respectfully submitted this 21st of October, 2015

Sincerely,

William O'Brien D.O.

Board Certified in Family Practice
Fellow in the American Academy of
Disability Evaluating Physicians