IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :  RECEIVED October 22, 2015
                               :
           v.                  :
                               :  OCT 26 2015  Criminal No. 15-21-01
WILLIAM O'BRIEN                :

## MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant O'Brien, Pro Se, respectfully submits this motion to DISMISS all counts from the Second Superseding Indictment, July 14, 2015.
Title 21, United States Code, section 821, provides that "[t]he Attorney General [of the United States] is authorized to promulgate rules and regulations relating to the registration and control of the manufacture, distribution, and dispensing of controlled substances." see page 4 of indictment, #12.
  #13 goes on to state the AG has exercised his rulemaking authority... that a prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice....
  #14, page 5 lists the Pennsylvania Code of Professional and Vocational Standards, Title 49, Chapter 16.92 "defines the authority of physicians licensed by the Commonwealth of Pennsylvania to prescribe or dispense controlled substances.
  Page 6, #15. "...O'Brien was authorized to dispense... and to prescribe medicine to patients, including controlled substances, for legitimate medical purposes and in the usual course of professional practice.

  O'Brien asserts that (1) the Attorney General has violated the United Constitution by promulgation of 21 Code of Federal Regulations 1306.04 (2) That the Commonwealth of Pennsylvania through Title 49, Chapter 16.92 has proper jurisdiction of subject matter. The United States of America has lack of jurisdiction over said subject matter; namely physicians in each state. (3) therefore Title 21, United States Code, Section 821 is unconstitutional in its entirety; non-severable. Summary Judegement for Dismissal is requested.

  Page 5 of the Second Supersedes Indictment 14(a)(1)(2)(3)(4) is ALL Commonwealth of Pennsylvania law. The Commonwealth then is the rightful and proper jurisdiction.

  Physicians are licensed by each State, NOT through the Feseral Government. This indictment lists the Pennsylvania Code of Professional and Vocational Standards, Title 49, Chapter 16.92 defines the authority of physicians licensed by the Commonwealth of Pennsylvania to prescribe or dispense Controlled Substances.
  The Tenth Amendment: The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States, or the people.

  The Supreme Court in 2006 questioned then Attorney General Ashcroft. "Who decides whether a particular activity is in 'the course of professional practice' or done for a 'legitimate medical purpose'?"
  The Controlled Substance Act (CSA) did not authorize Ashcroft to declare illegal a "medical standard of care" that under State law was legal. The States have authority, the Court went on: that while the Attorney General can make decisions under the CSA that are law enforcement decisions, medical

/

decisions would have to be made, under the statute itself, by the Secretery of Health, Education and Welfare. The Secretery in turn, has an obligation to consult with the "American Medical and Scientific Community" on such judgements because "Congress sought to change the fact that criminal prosecutions in the past had turned on the opinions of federal prosecutors." As is the case here. Leahy A.U.S.A. and agent Gill, do not understand Pain Management or the complex medicine it entails. Their lack of medical knowledge creates a "standard dictated by cops not doctors." Doctors who are licensed by the State that they practice in, not the United States government.

The drug warriors were turnded back when they sought, by regulations, to establish a national standard defining good faith and proper medical practice. But they continue to establish de facto national standards not by administrative regulation, but by case by case prosecution. In this manner, a national standard for pain relief has been established and it is a vague standard dictated by cops, not doctors.

On a motion to dismiss for lack of jurisdiction, however, Fed R Civ. P. 12(b)(1), the burden remains upon the plaintiffs, with the court considering the allegations of the complaint as true, to show that the limited jurisdiction of a federal district court has been properly invoked.

The Supreme Court has held that Congress, in enacting legislation otherwise within its authority, may not impose burdens on states which impair essential attributes of state sovereignty. National League of Cities v. Usery, 426 U.S. 833, 96 S. Ct. 2465, 49 L. Ed. 2d 245 (1976). This principle is not only embodied in the language of the Tenth Amendment, but is also implicit in the concept of federalism underlying the structure of our government.

To the extent that O'Brein's claim of unconstitutional interference with the right to practice medicine is founded on a notion of federalism which reserves all rights over such regulation to the states. It is indisputed that the practice of medicine is subject to the exercise of state police power where such regulation furthers a legitimate state interest. Lambert v. Yellowley, 272 U.S. 581, 47 S. Ct. 210, 71 L. Ed. 422 (1926); Poe v. Menghini, 339 F. Supp. 986 (D.Kan. 1972)

The Supreme Court in "National League of Cities" stated that the integral state government functions protected by the Tenth Amendment were those "functions essential to the seperate and independent existence" of the states or those "integral" and "traditional government functions." 426 U.S. at 851-52, 96 S. Ct. at 2474. Although those terms were not specifically defined, the Court made it clear that the states must retain the power to make decisions in their role of providing important public services.

Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction must include inquirey by the court into its own jurisdiction. Menchaca v Chrysler Conduit Corp. (1980, CA5 Tex) 613 F. 2d 507, 29 FR Serv 2d 512. reh den (1980, CA5 Tex) 622 F. 2d 1043 and cert der (1980) 449 US953, 66 L Ed 2d 217, 101 S. Ct. 358

Because court's very power to hear case is at issue FRCP 12(b)(1) motion, trial court is free to weigh evidence to determine existence of its jurisdiction; no presumptive truthfulness attaches to plaintiff's allegations, and existence of disputed material facts will not preclude trial court from evaluating for itself, merits of jurisdictional claims. Maaterson v Stokes (1996, ED Va) 166 FRD 368, 70 BNA FEP Cas 1630, subsequent app (1997, CA4 Va) 1997 US App LEXIS 1434

FRCP 12(b)(1) provides for dismissal of action if court lacks jurisdiction over subject matter of action, because federal courts are courts of limited subject matter jurisdiction, preferred, and often obligatory, practice in that court, when confronted with colorable challenge to its subject matter jurisdiction, should resolve that question before weighing merits of pending actions. Narragansett Indian Tribe v Chao (2003, DC RI) 248 F Supp 2d 48

When defendant moves for dismissal for lack of subject matter jurisdiction, as well as on other grounds, court should rule first on 12(b)(1) challenge since if it must dismiss complaint for lack of subject matter jurisdiction, all other defenses and objections, including alleged lack of personal jurisdiction, become moot and do not need to be determined. Rhulen Agency, Inc. v Alabama Ins. Guaranty Ass'n (1990, Ca2 NY) 896 F. 2d 674 also Ostroff v Florida, Dep't of Health & Rehabilitative Services (1983, MD Fla) 554 F Supp 347

in deciding issue of jurisdiction pursuant to Rule 12(b)(1) motion, trial court has discretion as to manner of making factual determinations, provided parties are afforded full and fair opportunity to be heard. Trager v New Rochelle Hospital Medical Center (1978, SD NY) 453 F Supp 516

If plaintiff asserts jurisdiction based on federal question in response to Rule 12(b)(1) motion, he must show that he has alleged claim under federal law. Physicians are under individual state's law, here the Commonwealth of Pennsylvania. These charges should have first been placed as an "Administrative" decision. A physician's right to practice medicine is through the State that licenses him, not the U.S. government.

Dismissal under FRCP 12(b)(1) is appropriate if issue before court is whether plaintiff has failed to satisfy threshold jurisdiction requirement. Rowden v United States (2004, ED Mo) 2004-1 USTC 50263, 93 AFTR 2d 2013

Dismissal pursuant to this Rule is inappropriate unless it appears beyond doubt, as it does here, that plaintiff can prove no set of facts which would entitle him to relief. Ralia v United States (2004, CA2 Conn) 355 F. 3d 118 (criticized in Dolan v U.S. Postal Serv. (2004, CA3 Pa) 377 F. 3d 285

Evaluating frivolity of claim for purposes of FRCP 12(b)(1) motion is always fact intensive endeavor which requires definition of "frivolous" to be flexible. Richards v Duke Univ. (2007, DC Dist Col) 480 F Supp 2d 222.

Judgement dismissing action for lack of subject matter jurisdiction is not bar to later proceeding in court of competent jurisdiction or other suitable forum on merits of case. Great Lakes Educational Consultants v Federal Management Agency, Div. of Federal Government (1984, WD Mich) 582 F Supp 193, 32 CCF 72710

see Nazzari v United States (2004, DC NJ) 304 F Supp 2d 605 12(b)(1) motion to dismiss was granted because independent contractor provided healthcare (a hospital) for federal prison system. As such, Federal Tort Claims Act (FTCA) 28 USCS 1346(b) does not apply. FTCA did not waive state's Eleventh Amendment immunity. O'Rourke v United States (2004, ED Tex) 298 F. Supp 2d 531 -claiment failed to exhaust her administrative remedies and district court lacked jurisdiction.

Here, the DEA, on March 18, 2014 found "No Violation". The Federal government, through it's own agents, Porcelli and Davis - both of the DEA, have written a 12 page report which exonerates O'Brien from any criminal wrongdoing. The Commonwealth of Pennsylvania holds jurisdiction over the medical practitioners, physicians of said Commonwealth. Any concern or question of a physician's right to practice medicine must then go to the Commonwealth's Medical Board, where Administrative action can be taken. The Government, through it's agent Joshua Gill, took this step immediately on January 29, 2015. This was over 4 years since the investigation started. The United States could NOT suspend O'Brien's license to practice medicine, only

3

the State, here the Commonwealth of Pennsylvania, has that authority.

Clause 1.   Subjects of Jurisdiction

The judicial Power shall extend to all Cases, in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority;-to all Cases affecting Ambassadors, other public Ministers and Consuls;-to all Cases of admiralty and maritime Jurisdiction;-to Controversies to which the United States shall be a party;-to Controversies between two or more States;-between a State and Citizens of another State;-between Citizens of different States;-between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.
   O'Brien is a Pennsylvania resident, practicing in Pennsylvania. He is not subject to this jurisdiction.
   Because each State is different, and physicians, being licensed by the State - not the U.S. government, may prescribe medication according to that State (i.e. Marijuana), the same facts under differing rules of evidence may lead to a conviction in one district, or State, and to an acquittal in another. Pennsylvania is the proper jurisdiction.
   The dispositive issue concerns the relationship among the Commonwealth, and Physician, not the United States Government.
   A Doctor/Physician is fully vested with State Authority to fulfill his duty. The Doctor is acting through the Commonwealth (State) and must be considered a State actor. The Commonwealth of Pennsylvania, then, has jurisdiction.
   More recently, a Physician in California is on trial currently for the same alleged crimes. This is a State case, not federal. Last year, in New Jersey, a physician won his protracted criminal trial for again the same alleged crimes. This was a State case. This too is a State case.
   Unethical or illegal provider practices related to drugs. Any such investigation into a possible drug abuse that uncovers unethical or illegal dispensing practices on the part of an institution, a pharmacy, or physician will be referred to the professional or investigative agency having jurisdiction. Which is EXACTLY what agent Gill did when he contacted the Pennsylvania Medical Board and had O'Brien's medical license suspended. Pennsylvania then has jurisdiction.

   If in ordinary cases between man and man it is important that the law should be settled, it is infinitely more important that the construction of the Constitution should be settled. Every citizen in the U.S. should know his constitutional rights. This can only be learned by the decisions of this court. These rights should not change with every change of judge. Today, they are one thing, tomorrow, another.
   Instead of being fixed, they change with the opinions of every new juddge. They become unstable, and our boasted constitutional rights may be said to no longer depend upon law, but instead, are held to the whims and caprice of the judges who may happen to be on the bench.

Respectfully Submitted by.


William O'Brien

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

        V                             Criminal No. 15-21-01

WILLIAM O'BRIEN

## ORDER

AND NOW, after review of the motion to DISMISS for Lack of Jurisdiction 12(b)(1), this court GRANTS said motion.

This _____ day of _____, 2015

                                              _____
                                              Honorable Nitza I. Quinones Alejandro