IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RECEIVED**
**NOV 4 2015**

UNITED STATES OF AMERICA

vs.                                    Criminal No. 15-21-01

WILLIAM O'BRIEN

November 2, 2015

## MOTION TO DISMISS DUE TO
## SRUCTURAL DEFECT / DENIAL OF COUNSEL

Petitioner asks for dismissal of ALL charges with prejudice. O'Brien's attorney, Pagano, was disqualified to represent O'Brien due to conflicts, on October 8, 2015, while also representing Corazo, one of O'Brien's co-defendants, in State court. Corazo had been charged with selling drugs, in May 2012. These medications were prescribed by O'Brien.

On October 8th, O'Brien exercised his Sixth Amendment Right to represent himself. The government immediately filed motions "to hold" ALL of O'Brien's Pro Se motions "to be held in abeyance until counsel was appointed". As of the date of this motion, no counsel has been appointed, multiple motions have been filed by the government and ORDERED by the court. O'Brien has not been brought to court, nor have any counsel to protect his rights to due process. Denial of Counsel is a Structural Defect. Structural Defects cannot be Harmless Error.

Supporting Law Follows:

Denial of Counsel at any critical stage at which right to counsel attaches does not require presumption of prejudice. Rather, presumption of prejudice applies only in cases where denial of counsel would necessarily undermine reliability of entire criminal proceeding. Ditch v Grace (2007, CA3 Pa) 479

F.3d 249, cert den (2007) 552 US 949, 128 S Ct 377, 169
L Ed 2d 261

... as defect was structural, it could not have been harmless error. United States v Hamilton (2004, CA9 Cal) 391 F. 3d 1066 subsequent app (2006, CA9 Cal) 202 Fed Appx 167, cert den (2007) 549 US 1140, 127 S Ct 998, 166 L Ed 2d 753

For purposes of deciding criminal defendant's claim, under Federal Constitution's Sixth Amendment, of ineffective assistance of counsel, complete denial of counsel **during critical stage of judicial proceeding - which includes appeal -** mandates presumption of prejudice because adversary process itself has been rendered presumptively unreliable, more over, **denial of entire judicial proceeding, which defendant wants and defendant has right,** demands presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place Roe v Flores-Ortega (2000) 528 US 470, 120 S Ct 1029, 145 L Ed 2d 985, 2000 CDOS 1352, 2000 Dailly Journal DAR 1897, 2000 Colo JCAR 915, 13 FLW Fed S 122

The absence of defendent's attorney from the hearing on defendant's suppression motion constituted a denial of counsel at a critical stage of proceeding.

Defendant's right to **assistance of counsel at every step** of proceedings does not refer to mere lapses of time, but contemplates effective aid of counsel in preperation and trial of case. Edwards v United States (1943, App DC) 78 US App DC 226, 139 F.2d 365, cert den (1944) 321 US 769, 88L Ed 1064, 64 S Ct 523.

State supreme court's assumption that pre-trial during which **counsel's investigation and consultation with** Petitioner must occur,

2

was not "critical stage" of proceedings was unreasonable application of clearly established U.S. Supreme Court precedent under 28 USCS § 2254(d)(1). Mitchell v Mason (2003, CA6) 325 F.3d 732, 2003 FED App 103P, reh, enbanc, den (2003, CA6) 2003 US App LEXIS 14051 and cert den, motiongr (2005) 543 US 1080, 125 S Ct 861, 160 L Ed 2d 824

Whetether critical stage has been reached requiring that defendant be afforded assistance of counsel depends upon analysis of whether potential substantial prejudice to defendant's rights inheres in particular confrontation and ability of counsel to help avoid the prejudice. State v Detter (1979) 298 NC 604, 260 SE 2d 567

The Right to Counsel applies to pretrial critical stages that are part of the whole course of a criminal action or proceeding For example, the defendant has a Sixth Amendment Right to counsel during the plea bargain process. Defendant may also be entitled to assistance of counsel in other situations such as determining whether to submit to an interview or examination with a State expert. However, standby counsel during a critical stage, such as a competency hearing, may be sufficient to overcome a denial of counsel charge. See United States v Ross 2012 FED App. 0420P, 703 F. 3d 856, 871 (6th Cir)

One charged with a crime is as much entitled to assistance of counsel in preparing for trial - that is, from time of arraignment until beginning of trial - as at trial itself. Powell v Alabama (1932) 287 US 45 77 L Ed 158, 53 S Ct 55, 84 ALR 527

Sixth Amendment Right to counsel attaches at initiation of judicial criminal proceedings whether judicial proceedings have been initiated by way of formal charge, preliminary hearing,

3

indictment, information or argument.

Adversary judicial proceedings at which Sixth Amendment right to counsel attaches can only occur at some point after individual has been arrested, and thus right attaches only when confronted by prosecutorial forces of state, when faced with intricacies of sustantive and procedural criminal law. Auclair v State (1983, Wyo) 660 P2d 1156, cert den and app dsmd (1983) 464 US 909, 78 L Ed 2d 249, 104 S Ct 265

Right to counsel assured by Sixth Amendment does not attach until adveraarial judicial proceedings have been initiated. People v Martin (XMXMSX 1984) 102 III 2d 412, 80 III Dec 776, 466 NE2d 228, cert den (1984) 469 US 935, 83 L Ed 2d 270, 105 Ct 334

It has been firmly established that person's Sixth Amendment and Fourteenth Amendment right to counsel attaches only at an after time that adversary judicial proceedings have been initiated against him. State v Hamm (1975) 89 SD 507, 234 NW2d 60

Sixth Amendment guarantee to accused of assistance of counsel for his defense applies to "critical" stages. of proceedings; in addition to counsel's presence at trial, accused is guaranteed that he need not stand alone against State at any stage of proceeings formal or informal, in court or out, where counsel's absence might derogate accused's right to fair trial. United States v Wade (1967) 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149

Right to counsel granted by 6th and 14th amendment - basic c contours of which are identical in State and federal contexts - means at least that person is entitled to help of lawyer at or after time that judicial proceedings have been initiated against him - whether by way of formal charges, preliminary hearing, indictment, information or arraignment. Brewer v Williams (1977) 430 US 387,

4

51 L Ed 2d 424, 97 S Ct 1232, reh den (1977) 431 US 925, 53 L Ed 2d 240, 97 S Ct 2200

Individual comes under 6th Amendment right of counsel from moment judicial proceedings are initiated against him whether by way of formal charge, preliminary hearing, indictment, information or arraignment. Carvey v Le Fevre (1979, CA2 NY) 611 F.2d 19, cert den (1980) 446 US 921, 64 L Ed 2d 276, 100 S Ct 1858

6th Amendment right to counsel **attaches only at or after time that adversary judicial proceedings have been inititated.** w Where accused is confronted, just as at trial, by procedural system or by his expert **adversary, or by both, in situations where** results of confrontation might well settled accused fate and reduce trial itself to mere formality. Anderson v Alameida (2005, CA9 Cal) 397 F.3d 1175, cert den (2005) 546 US 846, 126 S Ct 98, 163 L Ed2d 113

... expressing the views of seven members of the Court, it was held that the 6th Amendment provision that all criminal prosecutions the accused shall enjoy the right to have assistance of counsel for the defense... Gideon v Wainright 372 US 335, 9L Ed 2d 799, 83 SCt 792, 93 ALR 2d 733

Denial of Counsel is a Structural Defect. Structural Defects cannot be Harmless Error.

O'Brien's Sixth Amendment Right to self representation was disregarded on October 8, 2015. At thattime of this filing, November 2, 2015 several motions made by the government have been filed, and subsequently signed and ordered - on the same day. No Adversarial pleading could be made by O'Brien, no shadow counsel was appointed. The government, uncontested, filed motions that were then ordered,

5

Petitioner asks for immediate dismissal of ALL CHARGES WITH PREJUDICE.

Respectfully Submitted this 2nd of November 2015

_____
William O'Brien D.O
Board Certified in Family Practice
Fellow in the American Academy
Of Disability Evaluating Physicians

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

    v

WILLIAM O'BRIEN

Criminal No. 15-21-01

## ORDER

### MOTION TO DISMISS DUE TO STRUCTURAL DEFECT / DENIAL OF COUNSEL

After review of the above motion, I the Honorable Nitza I. Quinones Alejandro GRANT THIS MOTION TO DISMISS WITH PREJUDICE

Signed this _____ day of _____, 2015

 

_____
Honorable Nitza I. Quinones Alejandro