IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  : CRIMINAL NO. 15-0021-1
    v.                            :
                                  : MARCH 13, 2016
WILLIAM J. O'BRIEN III

- - - - - - - - - - - - - -

AMENDMENT TO MOTION TO DISMISS DUE TO CONFLICT OF COUNSEL
/ INEFFECTIVE ASSISTANCE OF COUNSEL (docket # 308)

AMENDMENT TO MOTION TO RECUSE JUDGE 28 USCS § 144 and 455

DISCOVERY - ROUGH NOTES / ALL HYPEROX DISCOVERY

MOTION TO DISMISS LACK OF JURISDICTION, TENTH AMENDMENT

Defendant William J. O'Brien III, a physician who is pro se, submits the above motions to this court. Defendant just recently received the court transcripts from October 8 and November 3, 2015. The information from these transcripts is quoted and notated in the following pages.

Defendant also just recently received the GOVERNMENT'S RESPONE TO DEFENDANT'S MOTION TO DISMISS DUE TO CONFLICT OF COUNSEL/INEFFECTIVE ASSISTANCE OF COUNSEL. AUSA Leahy's response is spurious, disingenious, and inappropriate. Again, I have quoted, and notated, the response in the following motions.

Defendant has requested ALL ROUGH NOTES REPEATEDLY. The government's position that Rule 16 does not obligate this discovery is simply untrue. The cases noted, and the Advisory Committee's comments on this situation are decisively in favor of the defendant.

The Tenth Amendment Violation is put forward in a motion, to notify the court that it does not have jurisdiction over these preceedings. This has been reviewed by the Supreme Court, see Gonzales v. Oregon. The States maintain their sovereignty and police powers over the medical profession.

Although these motions are filed jointly, it is expected that the government will answer them individually, as it has before. The defendant reminds this court that the Rules of Criminal Procedure apply and mandate certain actions of the court. These actions have been neglected by this court. Specifics will be seen in the following pages.

Respectfully Submitted,

William J. O'Brien III

1

I.      AMENDMENT TO MOTION TO DISMISS DUE TO CONFLICT OF COUNSEL
        / INEFFECTIVE ASSISTANCE OF COUNSEL (docket # 308)


On March 3, 2016 the government filed a response to docket 308. On page 3, "Thus, the defendant claims of ineffectiveness were cured by the defendant himself."

Both the Sixth Amendment, and Rule 44 of Federal Rules of Criminal Procedure clearly state "effective assistance of counsel". Defendant NEVER had, and still does not have effective assistance of counsel.

On November 3, 2015 - the government stated, and I quote from the transcript page 5, lines 20 through 22:
"THIS DEFENDANT -- AND IT IS A RATHER UNIQUE SITUATION. THIS DEFENDANT HAS NEVER HAD, ON HIS CURRENT CHARGES, CONFLICT FREE COUNSEL."

The government went on to say that this proceeding had already reached "a critical stage"; that "effective counsel" needed to be appointed BEFORE going further. The court refused.

Page 6, lines 19 through 25:
"THERE ARE CASES OF THIS, JUSTICE STEEMBURG IN THE UNITED STATES VERSUS TOVAR. THE COURT"S OPINION, WHICH HE WROTE, SPECIFICALLY TALKS ABOUT THE 6TH AMENDMENT SAFEGUARDS OF ACCUSED WHO FACE INCARCERATION, A RIGHT TO COUNSEL AT ALL CRITICAL STAGES IN THE CRIMINAL PROCESS.
    THIS IS OBVIOUSLY A CRITICAL STAGE,"

Page 8, lines 8 through 12:
"...AND THIS IS A SITUATION IN WHICH AS ASSISTANT U.S. ATTORNEYS WE'RE ALWAYS INTERESTED IN CONVICTING THE GUILTY, BUT WE HAVE SOLEMN OBLIGATION TO PROTECT THE RIGHTS OF CITIZENS, INCLUDING THE VERY DEFENDANTS THAT WE'RE PROSECUTING."

Page 9, lines 11 through 13:
"IN THIS CASE HE'S NEVER HAD CONFLICT-FREE COUNSEL, WHICH IS ONLY THE COUNSEL THAT COUNTS,..."

Although the Court stated that "I TOLD HIM TO CONSULT WITH HIS THEN ATTORNEY..", the government, on page 11, lines 1 through 8:
"BUT THE VERY PROBLEM WAS, AND THE VERY REASON WE WERE THERE THAT DAY, THAT COUNSEL HAD CONFLICTS, THAT COUNSEL HAD MANY CONFLICTS. HE NEEDS COUNSEL THAT HAS HIS AND ONLY HIS BEST INTEREST AT HEART, WHO WILL REPRESENT HIM AND NO ONE ELSE.
    PREVIOUS COUNSEL WAS REPRESENTING A CO-DEFENDANT. I MEAN HE HAD DIVIDED LOYALTIES AT BEST." The government is speaking here of attorney Pagano, who was representing a co-defendant in State court, and had represented 2 other co-defendants previously. Pagano had been disqualified FOR THE SAME THING ten years prior in U.S. v. Neil Moses. Prior to Pagano, the defendant had Carlos Martir as an attorney. Under seal, Martir's 32 year old son - who lives at the same house, and works at the same law office, was implicated in drug dealing FOR THIS CASE. The government knew this, but never filed a conflict of interest motion.



The hearing was held, without an appointed counsel. Shadow counsel was appointed and has done absolutely nothing of help. He has not read the Second Superseding Indictment. Newqman never filed the appeal for bail, nor acquired discovery requested by the defendant.

Please see the previous motion for more in depth history of defendant's NEVER HAVING ~~COUNSEL~~ EFFECTIVE COUNSEL.

Defendant amends his prior motion becuase he has just recently been provided with the transcripts of November 3, 2015. This was months after the court order to provide said transcripts, and a subsequent motion to compel.

There is NO DOUBT that the government is knowledgable, and freely admits, that defendant has NEVER HAD conflict free counsel. Defendant, even today, does not have EFFECTIVE COUNSEL. When the government writes that defendant has "cured" any inefectiveness of counsel, clearly that is impossible. This comment is mocking and abusive. The remedy in this situation is clear - and already judicated by the highest court. DISMISS THIS CASE.

RELIEF REQUESTED: DISMISS THIS CASE.

Note: the defendant remains imprisoned, since ~~November 3,~~ JANUARY 29, 2015. The government continuse to incarcerate a citizen, that they've admitted - is due his rights. Those rights continue to be violated.

This is not proper. This is not right. This is not what the United States of America, and its Justice System - is about.

Please, do the right thing.

II.        AMENDMENT TO MOTION TO RECUSE JUDGE 28 USCS § 144 and 455


On November 3, 2015 the court had a colluqay to allow defendant to proceed pro se.  Page 19 and 20, lines 23 through 25, and line 1:
"DO YOU UNDERSTAND THAT THE RULES OF CRIMINAL PROCEDURE, THAT YOU'RE BOUND BY THOSE RULES AND THAT I CANNOT RELAX THEM ON YOUR BEHALF? DO YOU UNDERSTAND THAT?"

Federal Rules of Criminal Procedure
Rule 1. Scope, Definition
(a) Scope
       (1) In General.  These rules govern the procedures in all criminal proceedings in the united States district courts, ..."  see Addendum "B"


Rule 12(c)(3) Consequences of not making a timely motion under Rule 12(b)(3). If a party does not meet the deadline for making a rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause.

       *** the government's response to defendant's motion to suppress was 2 days late.  The court noted this, but since there was no "prejudice" to the defendant, allowed the response - and denied the motion.  The 3rd circuit has already ruled that any untimely response is waived.  The government had no "good cause" and has waived its appeal rights as well.  Please refer to my prior motions.  These noted rule 12(e) which was the prior Rule 12(c)(3).
see Addendum "C"

Rule 45 Computing and Extending Time
-    see Addeednum "D".  It is clear, by Rule, that timeliness is very important to the working of the Judicial system.  Rule 45 allows for additional time under "excusable neglect".  Again, the government has no defense, by Rule - to move forward with this case.  All evidence has been surpressed by the government's untimely response to defendant's motion for suppression.

RELIEF REQUESTED: DISMISSAL OF THE CASE


       *** Note: the defendant remains imprisoned.  The government knows this case is now over, but continues to move forward.  This judge needs to recues herself so proper and correct justice can go forward.



III.     DISCOVERY - ROUGH NOTES / ALL HYPEROX DISCOVERY

see United States of America . Lee N. Blatt 2007 U.S. Dist. LEXIS 44568 2007

The defendant has requested ALL ROUGH NOTES from the agents invloved in this case. The government argues that by Rule 16, rough notes are not discoverable. This is simply untrue.

In 2004, the Advisory Committee rejected a proposal to revise Rule 16 to clarify that agent rough notes must be disclosed. However, a reading of the Advisory Committee's discussion supports the defendant. "several members of the Committee observed that the law concerning disclosure of an agent's notes seemed settled, that revising Rule 16 would not change the substance of the law, and that there appeared to be no need for the change." The Committee notes mention a decision by Judge Collins, who had recently found that Rule 16 requires disclosure of rough notes.  see Almohandis, 307 F. Supp. 2d at 255-57.
see Addendum "E"

Federal Rules of Evidence
Rule 401 Test for Relevant Evidence see Addendum "F"
Rule 612 Writing Used to Refresh a Witness's Memory  see Addendum "G"
Rule 1008 Functions of the Court and Jury see Addendum "H"

The Defendant requests, again, ALL ROUGH NOTES from the agents involved in this case. This includes notes from any and all interviews, even if the person interviewed will not be called as a witness. This conforms to Rule 16, and the other Rules noted. Defendant has already asked for ALL BRADY MATERIAL.

This investigation is titled "HyperOx". Defendant asks for ALL DISCOVERY for the HYPEROX INVESTIGATION. The Court is aware that there is a second criminal case, concerning a hyperbaric oxygen machine and the company that had said machine. That company is HyperOx. Defendant requests ALL HYPEROX DISCOVERY, which it is defendat's belief that both cases come from the same investigation. Defendant is entitled to the information in its entirety.

RELIEF REQUESTED: ALL ROUGH NOTES FROM AGENTS / ALL HYPEROX DISCOVERY



IV.        MOTION TO DISMISS LACK OF JURISDICTION, TENTH AMENDMENT

Amendment 10
Powers reserved to states or people.
The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or the people.

    see Bond v. United States, 564 U.S. 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011)

The statutes that defendant has been charged with do not fall under the police powers of the Federal government.  Please refer to defendant's previous motions for lack of jurisdiction.  see Gonzales v. Oregon, where the Supreme Court clearly defines that the States limjit and police the medical proffession.  This challenge is that Congress exceeded its powers in enacting these statutes in contravention of basic federalism principles.  The Supreme Court held in Bond that the petitioner did have standing to challenge an infringement reserved for the States.  Petitioner could assert her own injury resulting from governmental action that exceeded the authority that federalism defined; federalism's limitations were not a matter of rights belonging only to the states.  Petitioner could assert that her injury resulted from disregard of the federal structure of the government.


As is the case here, the federal government has no power to assess or limit the medical proffession.  That police power is held by the states. Federalism demands then that this court, for lack of jurisdiction, dismiss this case.

RELIEF REQUESTED:   DISMISS THIS CASE DUE TO VIOLATION OF THE TENTH AMENDMENT



V.      CONCLUSION

With receipt of the November 3, 2015 transcripts, the defendant has undeniable proof that the government is proceeding forward in a case that they cannot legally win. Although there words say "we want to defend everyone's rights", there actions show that the government - and these prosecuters, are only concerned with winning. Clearly, this defendant never had, and still does not have, Effective counsel. The violation of the Sixth Amendment is obvious, clear, well precedented, and well litigated. Every day that the defendant reamins incarcerated is a crime in itself.

The November 3, 2015 transcript also clearly defined, by the court, that the Rules of Criminal Procedure would be followed - as they must be. This was not done, which the defendant has put forward in seperate motions - clearly showing that the judge is biased. The several addendums clearly outline that this case was over, and should have been immediately dismissed, when the government filed its response to suppression 2 days late. The response, by Rule 12, is therefore waived - and cannot be brought to the appelate court. By allowing this case to go forward, this judge has implicated her bias and/or incompetence, or both.

As the case goes forward, Rough Notes are being with-held. They are proper discovery, per the Committee that overlooks Rule 16. Other Rules of evidence support the defendant's motion for ALL the Rough Notes.
All Notes for the "HyperOx Investigation" are requested. That investigation started in December of 2009.

Lastly, the Violation of the Tenth Amendment would lead to lack of jurisdiction. And again, this case would be dismissed. The Medical Profession is a "State" power, not federal. The Supreme Court clarified this in Gonzales v. Oregon.


The above motions are submitted this 13th day of March, 2016.

Respectfully,

                                         _____
                                         William J. O'Brien III, D.O.
                                         Board Certified in Family Practice
                                         Fellow in the American Academy
                                         Of Disability Evaluating Physicians

Rule 44.     Right to and Appointment of Counsel

(a) **Right to Appointed Counsel.**  A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.

(b) **Appointment Procedure.**  Federal law and local court rules govern the procedure for implementing the right to counsel.

(c) **Inquiry Into Joint Representation.**
   (1) *Joint Representation.* Joint representation occurs when:
      (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
      (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.
   (2) *Court's Responsibilities in Cases of Joint Representation.* The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

USCSRULE

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 1.    Scope; Definitions

(a) **Scope.**
(1) *In General.* These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States.
(2) *State or Local Judicial Officer.* When a rule so states, it applies to a proceeding before a state or local judicial officer.
(3) *Territorial Courts.* These rules also govern the procedure in all criminal proceedings in the following courts:
   (A) the district court of Guam;
   (B) the district court for the Northern Mariana Islands, except as otherwise provided by law; and
   (C) the district court of the Virgin Islands, except that the prosecution of offenses in that court must be by indictment or information as otherwise provided by law.
(4) *Removed Proceedings.* Although these rules govern all proceedings after removal from a state court, state law governs a dismissal by the prosecution.
(5) *Excluded Proceedings.* Proceedings not governed by these rules include:
   (A) the extradition and rendition of a fugitive;
   (B) a civil property forfeiture for violating a federal statute;
   (C) the collection of a fine or penalty;
   (D) a proceeding under a statute governing juvenile delinquency to the extent the procedure is inconsistent with the statute, unless Rule 20(d) provides otherwise;
   (E) a dispute between seamen under 22 U.S.C. §§ 256-258; and
   (F) a proceeding against a witness in a foreign country under 28 U.S.C. § 1784.

USCSRULE

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Rule 12* [handwritten annotation]

**(c) Deadline for a pretrial motion; consequences of not making a timely motion.**
(1) *Setting the deadline.* The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial.
(2) *Extending or resetting the deadline.* At any time before trial, the court may extend or reset the deadline for pretrial motions.
(3) *Consequences of not making a timely motion under Rule 12(b)(3).* If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.

"c" [handwritten annotation]

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 45.     Computing and Extending Time

(a) **Computing Time.**   The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

   (1) *Period stated in days or a longer unit*. When the period is stated in days or a longer unit of time:
      (A) exclude the day of the event that triggers the period;
      (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
      (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
   (2) *Period stated in hours*. When the period is stated in hours:
      (A) begin counting immediately on the occurrence of the event that triggers the period;
      (B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and
      (C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.
   (3) *Inaccessibility of the clerk's office*. Unless the court orders otherwise, if the clerk's office is inaccessible:
      (A) on the last day for filing under Rule 45(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or
      (B) during the last hour for filing under Rule 45(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.
   (4) *"Last day" defined*. Unless a different time is set by a statute, local rule, or court order, the last day ends:
      (A) for electronic filing, at midnight in the court's time zone; and
      (B) for filing by other means, when the clerk's office is scheduled to close.
   (5) *"Next day" defined*. The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.
   (6) *"Legal holiday" defined*. "Legal holiday" means:
      (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
      (B) any day declared a holiday by the President or Congress; and
      (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.

USCSRULE

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(b) Extending Time.**

(1) *In General.* When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:

    (A) before the originally prescribed or previously extended time expires; or

    (B) after the time expires if the party failed to act because of excusable neglect.

(2) *Exception.* The court may not extend the time to take any action under Rule 35, except as stated in that rule.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Criminal pretrial discovery is much more limited than civil discovery. Federal Rule of Criminal Procedure **Rule 16**, the due process clause of the Fourteenth Amendment, and certain statutes determine what must be produced before trial to a defendant. United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). **Rule 16**(a)(1) outlines the government's disclosure obligations:

> (A) *Defendant's Oral Statement.* Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.(B) *Defendant's Written or Recorded Statement.* Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

> (i) any relevant written or recorded statement by the defendant if: (1) the statement is within the government's possession, custody, or control; and (2) the attorney for the government knows--or through due diligence could know--that the statement exists; (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (iii) the defendant's recorded testimony before a grand jury relating to the charged offense. Fed. R. Crim. P. 16. Subsection (c) of **Rule 16** pertains to organizational defendants, such as Herley Industries, and states that upon request:

> ?the government must disclose to the defendant any statement described in **Rule 16**(a)(1)(A) and (B) if the government contends that the person making the statement:(i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or(ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.FED. R. CRIM. P. 16.

While the government has produced grand jury transcripts and/or interview summaries of over forty witnesses, it objects to defendants' request for **rough notes** and drafts of witness interviews and argues that this material does not fall within **Rule 16**(a)(1)(B)(ii). This portion of the rule requires the disclosure of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." The parties argument centers on whether agent **rough notes** and draft reports qualify as a written record. 1

In 1991, the Advisory Committee amended **Rule 16** to include this language requiring the disclosure of any written record made by the defendant in response to interrogation by a government agent, which expanded the government's disclosure requirements. FED. R. CRIM. P. 16, 1991 Advisory Committee Notes. This change recognizes a defendant's proprietary interest in statements made during government questioning. Id. The Advisory Committee noted that under the new version of **Rule 16**, "[t]he written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement."

Courts who have considered this issue have read the plain language of **Rule 16** expansively, finding that agent **rough notes** qualify as written records. 2 There is no express Third Circuit precedent on this issue, although the existing case law suggests that **Rule 16** requires disclosure of agent **rough notes**. In United States v. Molina-Guevara, 96 F.3d 698, 705 (3d Cir. 1996), the government conceded before the court that **Rule 16** required production of an agent's handwritten notes of her

lyccases   13

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

E 1 of 2
71915066

interview with the defendant. In <u>United States v. Ibrocevic</u>, 142 Fed. Appx. 17, 18 (3d Cir. 2005), the court held that it was harmless error when the government did not hand over the written notes of a Secret Service agent from a post-arrest confession and interview because there was considerable evidence of the defendant's guilt; no evidence that the government acted in bad faith; and the government provided a copy of the agent's final report which, according to the agent, contained everything in her notes. One federal district court in this circuit has granted a motion to produce **rough notes** under **Rule 16**. <u>United States v. Godson</u>, No. 06-206, 2006 U.S. Dist. LEXIS 84346, at *5-6 (W.D. Pa. Nov. 20, 2006) (granting defendant's motion for the government to preserve and produce agent **rough notes** and interview reports).

In 2004, the Advisory Committee rejected a proposal to revise **Rule 16** to clarify that agent **rough notes** must be disclosed. 3 The government argues that this decision by the Advisory Committee signals that **rough notes** are not discoverable under **Rule 16**. However, a reading of the Advisory Committee's discussion supports the defendants, not the government. The brief paragraph states that "[s]everal members of the Committee observed that the law concerning disclosure of an agent's notes seemed settled, that revising **Rule 16** would not change the substance of the law, and that there appeared to be no need for the change." Gov't Resp. Opp'n. Ex. 2, p. 13. While the committee minutes do not describe this "consensus," the cases cited by defendants suggest **Rule 16** requires production of any written document, including notes. Moreover, the Committee notes mention a decision by Judge Collins, who had recently found that **Rule 16** requires disclosure of **rough notes**. See <u>Almohandis</u>, 307 F. Supp. 2d at 255-57. The government does not cite contrary authority from any jurisdiction; therefore, it is unlikely that the "majority position" the Advisory Committee saw emerging was one finding production of agent **rough notes** was not required by **Rule 16**.

1yccases

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 401.     Test for Relevant Evidence

Evidence is relevant if:
>(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>(b) the fact is of consequence in determining the action.



USCSRULE                               15

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 612.    Writing Used to Refresh a Witness's Memory

(a) **Scope.**   This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
   (1) while testifying; or
   (2) before testifying, if the court decides that justice requires the party to have those options.

(b) **Adverse Party's Options; Deleting Unrelated Matter.**   Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

(c) **Failure to Produce or Deliver the Writing.**   If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order. But if the prosecution does not comply in a criminal case, the court must strike the witness's testimony or-if justice so requires-declare a mistrial.



© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 1008.   Functions of the Court and Jury

Ordinarily, the court determines whether the proponent has fulfilled the factual conditions for admitting other evidence of the content of a writing, recording, or photograph under Rule 1004 or 1005. But in a jury trial, the jury determines-in accordance with Rule 104(b)-any issue about whether:
   (a) an asserted writing, recording, or photograph ever existed;
   (b) another one produced at the trial or hearing is the original; or
   (c) other evidence of content accurately reflects the content.

USCSRULE

(17)

"H"

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

CERTIFICATE OF SERVICE

i hereby state that i mailed, via First Class Mail, a true copy of the:

AMENDMENT TO MOTION TO DISMISS DUE TO CONFLICT OF COUNSEL / INEFFECTIVE ASSISTANCE OF COUNSEL (DOCKET # 308)
AMENDMENT TO MOTION TO RECUSE JUDGE 28 USCS § 144 and 455
DISCOVERY - ROUGH NOTES / ALL HYPEROX DISCOVERY
MOTION TO DISMISS LACK OF JURISDICTION, TENTH AMENDMENT

to:

CLERK OF COURT
601 Market Street
U.S. District Court
Phila., PA  19106

on March 13, 2016. Here at the Federal Detention Center, a mail log is kept on each floor for legal mail. That log notes the date and addressee of the mail. I am on 5 South.

Signed,

William J. O'Brien III

18